Your Honor, this case on the docket 2-17-010419 is a matter of the application of a county treasurer and an ex officio county collector of King County, Illinois. The court recommends the judgment and sale of the interstate return to Lincoln in 2019, to which prior years Samuel M. Velasquez, petitioner appellee v. Downer Place Holdings, respondent, appellant. Arguing on behalf of the respondent, appellant, Melissa Elizabeth, and Bartolucci. Arguing on behalf of the ex officio appellee, Mr. John W. DeSanto, Jr. All right, thank you. Ms. Bartolucci, you may proceed. May it please the court, counsel. Your Honors, the facts in this case at point seem confusing. It's probably the most unappealing looking record I've ever looked at. I want it too. Exactly. So the facts are confusing. There are a lot of aspersions the parties cast against each other. And I think, though, fortunately for us, the principle and rule of law that is at issue is not confusing. It's very well established, and the public policy that supports it and that is behind it is very well established. It goes back to the 1800s, the rule of law that we're asking the court to uphold and apply to the facts here today. And that would be because he had an interest in the property? Correct. How does he have an interest in the property? Well, first he executed a lease, a commercial lease, to occupy the property. Commercials don't have ownership in property. No, it's a non-ownership interest as defined in the property tax code. He had a non-ownership interest in the property, which under the redemption statute, 21-345, that gives parties, any interested parties, the term used, and interests can include non-ownership interests. Here, however, we also present to the court the fact that this party had a lien against the property because he has satisfied mechanics lien, judgment. We're moving a little fast. Can we go back to the lessees? Yes. They leased the property, did they not? They did. They did, right? Correct. So how were they obligated to pay any taxes? What is their interest in the property other than being tenants, lessees? Well, Your Honor, that's a great question. So under the strict, you know, if you look at the property tax bill, these parties, those petitioners were certainly not the parties named on the tax bill. They were not the owners of the property. However, the Candlewick decision, which comes from this district in 1985's case, clearly discusses the obligation to pay property taxes. And in this context, yes, so you're not strictly obligated as the owner of a record. You're not on the tax bill. However, as the Candle, if I can read you through it, my little passage, it's very illuminating from the Candlewick decision, says sometimes the word obligation is used to denote an agreement or undertaking to pay taxes. At others, it is used in the sense of an obligation to do so to protect an interest or title. As in one sense, the owner of land is not under obligation to pay the taxes because he may forfeit it. But under the other sense, he is obligated in order to preserve his title. So then the case goes on to say, it cannot be said that the owner is the only party, quote, responsible for the delinquent taxes. Since the state's tax lien overrides other liens and mortgages on the property, and since the lien or mortgagee is given the right to pay or redeem the taxes. Before we get to the tax liens, the issue was what obligation did the Velazquez have to pay the taxes, even under Candlewick? What was their obligation? He had a mere possessory interest. Pardon? He had a mere possessory interest. He had a possessory interest. But under Candlewick, well, first of all, under the property tax code 21-345, parties other than owners are definitely entitled to redeem taxes. And the purpose of that is to protect their... Well, I don't think you disagree with that. Okay. But it depends on what the obligation is. What category did they fall into? So we started out with that being LaCie. Candlewick says that a mere possessory interest requires you to pay taxes? It does. The law says that if a party has an interest in a property, it has an obligation to protect that interest. That's the exact language. Well, a tenant would have an interest in the property, would they not? But if you were in an apartment, you don't have an obligation to pay taxes, do you? In an apartment? Doesn't Candlewick say that lessees do not have an obligation to pay taxes on property they rent? I did not read it as saying that, no, Your Honor. That case did not specifically involve a tenant situation, so that wasn't addressed. But it did say, you know, it does address parties with interest, including lien owners. And here the petitioner is also considered a lien owner on the property because a lease is considered an encumbrance on a property. Also, he satisfied mechanic's lien judgment against the property. And in his own briefs in the trial court asserted he had an approximately $25,000 interest in the property due to his satisfaction of that mechanic's lien. So he is a lien owner, and Candlewick and all of his progeny and predecessor cases clearly say lien owners are prohibited from circumventing the redemption process and pursuing a tax deed. The reason for that is lien owners, mortgagees, tenants, they have legal remedies against the owner who was supposed to pay the taxes. What lien did he have on the property? He had a lien by virtue of satisfying the mechanic's lien against the property, and he had an encumbrance against the property, i.e., his lease, his commercial lease. So he had, and again, though, the case law does discuss non-ownership interests, and the property tax code clearly does state parties with non-ownership interests can redeem taxes. How about the Luth Mortgage Corporation v. Wilson case, the Supreme Court in that case? Does that say mere occupant of a property doesn't have the right? No, I don't think it says that. Tenants can redeem taxes. Parties with non-ownership interests can't. And additionally here, there was an agreement between the parties. Now, the validity of that agreement is highly debated. However, it's not disputed that they entered into an agreement and that petitioner partially performed under that agreement. So as we referenced in our briefs, there is other litigation between these parties addressing these types of issues, the validity of that contract. In fact, petitioner sought to specifically enforce that contract, which he claims gave him an ownership interest in the property. Let's move on to that since you've raised that. Because I understand looking at this, there seems to be evidence establishing the DPA repudiated the agreement in June 2015, and that the last person elected to treat the agreement as terminated in response to the repudiation. So why is it not correct? The fact is correct that there was a letter sent by Donner Place Holdings' attorney saying the contract was canceled or no longer in effect. However, by that point, even, you know, that contract has been the subject of other litigation. And so it's not, I don't think the issue is properly before this court to decide whether that repudiation was effective. That's a question of law and or a fact that isn't within the scope of this court's review and is being adjudicated in another setting. So whether or not that agreement was successfully repudiated or whether Mr. Velasquez acquired any ownership interest due to his partial performance under that agreement is an issue. He did partially perform by satisfying a mechanics lien. So those issues are being litigated elsewhere. So you're saying now the agreement was not terminated? I don't dispute there was a letter sent by Donner Place's attorney saying that they were terminating the agreement. I'm glad you acknowledged that. So what would Velasquez think in response to the letter? It's terminated. Now, obviously, the agreement's terminated. There's no restriction on redeeming the property if there's no agreement. Well, if there's no agreement as to conveying ownership, but a leasehold interest is sufficient to give him an interest and a right to redeem the property. I don't know that we agree with that. Let's assume for the sake of argument that we set that aside. What other basis would you say that would prevent him obtaining the deed? Well, you're right. I think if we look to the big picture and the purpose behind this rule of law, it is that one of the main reasons a party with an ownership or any interest in the property can't circumvent the redemption process is because parties who have interest in the property have the ability to manipulate the system and the payment of property taxes. The lease that's at issue here is found at C-450, specifically contains a provision that says it's a modified gross rate lease, portions of which will go toward the payment of property taxes. So in that sense, he was required to pay property taxes. His lease payments directly were intended to go toward the payment of property taxes. But if that didn't happen, then there would be no taxes due. But this is for prior year's taxes. This is for 2011 taxes. So then this is not in effect at the time the taxes were due. Okay, you're right. And I'm just going to circle back to the purpose for the agreement. So the concept behind the rule that a party who's a tenant, has a non-ownership interest, say, cannot forego the redemption process is this. In many situations, in many commercial leases, let's say this, we're looking at this just prospectively. Many commercial leases do say that the rent goes toward the payment of property taxes. Is it right and is it intended under the law that that tenant decides, if I stop paying my rent, which is what happened here, and the owner has no money to pay the property taxes or insufficient money to pay the property taxes, I can wait this out and then swoop in and redeem taxes. That is the underlying rationale because the party, you say, could manipulate the situation, take advantage of this, and that's what the law seeks to prohibit. Exactly. The question in this case is where does he fall within those interests that prohibit him from doing it. So are you saying the entire property tax money came from Mr. Hernandez? Mr. Velasquez, no. I mean, Donna Place was working. It wasn't the owner of record when the taxes came due. It subsequently acquired this property. So it acquired the property with a tax lien on it. It knew it had to get rid of that tax lien. It had to get those taxes paid. So in leasing with Mr. Velasquez, one of the provisions was, and this is what's disputed under what was agreed, actually. It's agreed that they agreed Mr. Velasquez would pay the delinquent property taxes. In that agreement that's been rescinded. Correct. But then the lease itself clearly indicates that monthly payments will go toward the payment of current property taxes, which also had to be satisfied upon issuance of the tax deed. It had to get caught up to date. So if Mr. Velasquez never paid his rent, and as we mentioned, it's in the record and it's a matter, I suggest, of judicial notice, there was a forceful entry and detainer action initiated against Mr. Velasquez. So he did do what the law prohibits. He stopped paying rent. He also promised to pay the delinquent taxes and did not pay them. And there's a huge question, I think, of fraud. I mean, this, Donna Place relied on his promise to pay the taxes. He put them in a position that they didn't have sufficient funds to then redeem the taxes themselves. Then he swept in and bought certificates of purchase from the third party who bought them. But he was going to do all of that, and then he did some of it, and then your client rescinded the contract, right? Right. And, you know, I can't speak to what happened, but I do want to draw the court's attention to the fact that in tax deed proceedings, the conduct that is examined is not the owner's conduct. I mean, the owner, we can say it's a deadbeat. You can call the owner whatever you want. You don't examine the owner's conduct. You have to specifically look at whether the petitioner strictly complied with the property tax code. And where I say to you the circuit court erred is in not also evaluating the overarching issue. Strict compliance with the property tax code doesn't even become relevant if the person seeking the tax deed is disqualified from obtaining a tax deed. Here, Mr. Velazquez was under the law disqualified from obtaining a tax deed. The law says a party with an interest in a property must either walk away from that interest or pay the interest. Well, it depends on the nature of the interest. Not everybody that has a lease as a tenant is automatically disqualified, are they? I think so, yes. Every tenant automatically has the right to pay obligation to pay taxes? They don't have an obligation, but they have the option. They either don't pay the taxes, and the property goes for sale, and their lease is terminated. Their leasehold rights are extinguished. You have a case that you can call our attention to that says every person who's a tenant is under an obligation to pay taxes. Now, you know that's not true. No, Your Honor. I mean, I do think the Candlewick decision says anyone who has an ownership interest must either forfeit that interest or pay the taxes. There's a leasehold interest. Is an average tenant interest in a place an ownership interest? It can be a non-ownership interest as well. The statute only says interested parties, and it specifically – And what case says it also can be – you just told me Candlewick said an ownership interest. So what case can you cite to us now that says a non-ownership interest would buy him from a lease? Or a mere possessor. Yeah, a mere possessor. What case can you call our attention to? Well, I didn't find that case exactly on point. However, I think that when you look to – and even the more recent decision of the collector of Jersey County v. Hunter, the 4th District 2017 case, which upholds the same rule of law. In fact, they are slightly different but very similar in the most material ways, which is a party with several interests. It had a lien and a couple of other interests in the property, obtained a certificate of purchase after a third party bought the taxes. And it was – this petition for the tax deed was disallowed. And I think in that case, also, this rule of law says it actually rejects the applicability of the 5th District Bailey case, which only confined itself to the ownership interest, and it went beyond that. This party didn't have an ownership interest, but it had a lien interest. And Mr. Velazquez has a lien on this property. His lease is considered an encumbrance on the property. He also has a lien by virtue of paying the mechanic's lien judgment. I mean, he could go to a court and seek to get that money back. The purpose of the rule, truly, is that parties who have interests have other remedies than the tax deed proceeding to get their money back, to enforce their interests in the property. Well, I think we can agree on one thing, hopefully, after all of this. A mere interest in the property – an interest in the property may prohibit a person under the tax code from redeeming, but I hope we can agree it's the nature of that interest that matters. It isn't every single – you could be there as a tenant in sufferance, and would you sit there and argue that that person can't redeem it? Well, and that's why this case is distinguishable. No, because he does have a written lease, and a lease is under the law an encumbrance on the property. You also say in your brief that a property manager is prohibited from redeeming. Well, the statute that defines who is allowed to redeem is unfortunately the only proactive statute we have that speaks to this, unless you refer to the scavenger sales statutes, which this 4th District collector of Jersey County case did do. That court did look, as I did in my brief, did look to the scavenger sales statutes for the certain definitions that are relevant here. So I think it would be appropriate for this court to also look at the definition of ownership and non-ownership interest that's in the scavenger sales statute that we cite, and I think the definition there is definitely broad enough to encompass a tenant such as Mr. Velasquez. But we're talking about the property manager. Oh, okay, and you're right. Sorry. Getting back to your original question. So the redemption statute only uses the phrase interested parties. So to the extent that a manager is the person who collects rents and is responsible for turning them over to the owner in order to pay the taxes, they could arguably be an interested party. You have no case that stands for that proposition that a property manager is barred from redeeming the property, do you? Well, no. No case suggests those facts. But I do think 21-345 defining who has a right to redeem would encompass a property manager, could encompass a property manager. Here I'm not even relying on such a tenuous relationship. I mean, Mr. Velasquez clearly occupied the property, still occupies the property, stopped paying taxes or rents and didn't pay the taxes that he said he would pay. I mean, at the very least, I think there are disputed fact questions. If you don't agree with that, I would suggest the only material fact question here which is not disputed is that Mr. Velasquez has an interest in this property and he had one at the time he obtained the certificate of purchase. Why would he have to pay rent if the county issued him a tax deed for the property? He's not paying rent before that. But you said he's not paying rent. He doesn't have to pay rent. Does he own the property? Well, I understand that there may have been some subsequent dealings, but that's not on the record before the court. So you're correct. If he obtained full title to the property, right, his obligation to pay rent would be delineated. What's your time as expected? Do you want to wrap up? No, you go ahead and wrap up. Let's see. I just think that the most important points I want to make are that the law of tax sales is designed to give strangers to the property. In many cases, use that language. I think if you apply hundreds of years of precedent using the term strangers to the property, you have to conclude based on undisputed facts here that Mr. Velasquez is not a stranger to the property. And the law of tax sales is designed to give strangers to the property a speedy method of acquiring merchantable titles so the property is taxed in the stream of commerce and future taxes are paid. It's not intended to be a method by which a party who has an interest in the property can forego paying the taxes and increase his interest in the property to the detriment of all other parties who are interested in it. So your client can't redeem the property, right? It could have, yes. How? Well, I'm sorry, it could have paid prior to the redemption period expiring. Right, it didn't. Correct. So then Velasquez comes in and redeems the property, correct? Right. So what do you care? Well, no, he actually didn't redeem the taxes. I'm sorry. He didn't. A third party that was a stranger to the property redeemed the taxes, and then he went and purchased their certificate of purchase and assignment, which is the exact same facts in the Jersey County case where the transfer was disallowed and the issuance of the tax deed was disallowed because the party that acquired the certificate of purchase had a preexisting interest in the property, which was a lien. Okay. We've gone a little over our time. Thank you, Ms. Carlucci, for your argument. Mr. Stanko, on behalf of the appellee, you may proceed. Thank you. May it please the Court, my name is John W. Stanko, Jr., I represent the appellee in this case. At the very onset, I want to be clear about one thing. Typically, in a tax deed proceeding, there are objections. Could you speak in the microphone? I'm sorry. Sorry. I'm usually not accused of being quiet. Typically, in a tax deed proceeding, you're attacking the diligence of the tax deed petitioner in strict compliance with the property tax code, the 22-5, 10, 15, 20, the notices. We need to be clear that none of that has been alleged. There's been no allegation that there was no strict compliance with the property tax code. And therefore, the trial court under Section 2240 found strict compliance and issued the tax deed. So all the issues here in the attacking the tax deed fall outside of that. And they fall out of the basis, apparently, that he is statutorily, they're arguing, excluded from being handled in a tax deed because of his, quote, unquote, interest in the property. And it's not even statutorily. There's no statute that suggests he can't. They're using case law to do that. The remotest connection to statutory law is the Scavenger Act, which I won't touch upon. But that involves scavenger tax sales, not an annual tax sale, which is what we have here. And there's a basic reason for the difference, and I might as well cover it right now. In an annual tax sale, tax buyers bid an interest rate from 18% down to zero. The county receives every penny due on the taxes. They receive every penny, penalties and interest. So the county's been made whole at an annual tax sale. They've received all their money. That is not true at a scavenger sale. A scavenger sale, as far as I'm aware, only takes place in Cook County. But a scavenger sale is when the property is delinquent for three or more years' taxes. And at that sale, they're not bidding an interest rate. They're bidding a dollar amount. So at that sale, the tax liability to the county can be $100,000. And a successful bidder at a scavenger sale can be $250. So they can buy that certificate for $250 and thereby extinguish that. And to allow O'Neill's party to do that is basically defrauding the county. And that's why you have scavenger fraud in a scavenger sale because you're defrauding the county of the money they should have otherwise acquired from the property owner. You can't take money from the county. That's a bad thing. Annual tax sale, the county's made whole. There's no such prohibition against it at an annual sale. We can't look at the scavenger act and say, well, it's precluded here. Therefore, it's precluded here. And it's not. It's specifically not precluded for that very reason. They're two completely different types of sales. Well, if you could, can you respond to her arguments about a leasehold being sufficient basis to borrow here and all these other arguments? I will. We'll start with there's three parameters here that they've thrown out as possible interests that defeats his ability to acquire a certificate. One is that he's an occupant. Two is that he's an owner or this putative owner. And three is that he is the rent collector. First of all, we'll deal with the occupant because the Illinois Supreme Court has already dealt with this in the loot and mortgage case. In the loot and mortgage case, the issue was throwing in the redemption statute, which is 21-245, and the tax sale notices 22-10 and 22-15. And to be entitled to notice in a tax deed proceeding, the statute specifically says notice shall go to owners, occupants, and parties with an interest. Now, the redemption statute leaves the word occupant out. It says redemption shall be on behalf or have a right to owners and parties with an interest. So the Supreme Court in the loot and mortgage case said it's very clear if you look at those two statutes that the legislature had intended to leave occupants out of having a right to redeem. And they said based on the plain language of the code, an occupant is entitled to notice but does not have a right to redeem unless that occupant has some other interest. That occupant is an owner-occupant. Obviously, they have a right to redeem as the owner. If the occupant is a mortgagee, they have a right to redeem as a mortgagee. So the occupant in and of itself, just that interest alone, does not convey a redeemable interest. The next was the owner. Let's go back to the occupant just briefly. As Ms. Bartolucci says, then what would preclude the occupant from not paying the rent or whatever, in this case, the rent that includes a part of it going to taxes, thereby causing the owner to default to not pay their taxes? What would preclude them from doing something? Nothing. The occupants fail to pay their rent all the time. And then the landlord then has a right to evict them, maybe get a dual action, get a judgment against them. But that happens all the time. And let's be clear here, too. When we're talking about a lease with the appellee, and I believe it's C-205 in the record, there is nothing in that lease that says that he's liable to pay the taxes. There's nothing in that lease that says that the rents are being collected to pay the taxes. So there's no correlation between the two. There's nothing in writing other than the original agreement, which they then withdrew, declared null and void, that suggests that he gets paid the taxes at all. But it happens all the time. It happens all the time. They don't pay money, which presumably the landlord is going to use to pay the taxes. And then it's up to the landlord to find some other way to pay the taxes. That's not the tenant's obligation. Next is the issue of whether or not the appellee is an owner. Well, it's real clear that he's not an owner. There was never a deed to him. There was this original agreement that is declared null and void. We know that the appellant knew that the appellant was not the owner. And we know that for two reasons. We also know that the appellant knew the appellant was not going to redeem from the tax sale. And we know that because the appellant tried to raise funds after all this to redeem from the tax sale on its own. So it knew the appellant wasn't going to redeem. And then on top of that, it turned around and conveys the property. Now, if the appellant had an interest, an ownership interest in the property, how could the appellant convey it? They didn't convey part of it. They conveyed the property entirely. So the appellant never had any ownership interest in the property at all. And then the third possible way is the rent collector. The manager. The manager. Now, interestingly enough, that same issue was on the record. Document C-257 was a letter from the appellant's attorney to the occupants of the property. This was in May, May 29th of 2015. Nearly five months prior to the expiration of the period of redemption, where the appellant's attorney advised all the tenants in the property that the appellant was not, in fact, the rent manager or collector of rents, that was the appellant themselves. So he was never in that position. And even if he were, there's nothing to suggest that a rent collector, solely on that interest as a rent collector, has a right to redeem. Is there any case law that says there's none? I found no case law, one or the other, that deals with a rent collector at all. If a rent collector were to come and redeem, presumably they would have to have a written agreement with the property owner, and then they're redeeming as the agent for the property owner. They're not redeeming as a rent collector. The same is true of any party that might not be able to redeem on its own if they have an agreement with the property owner. Then they're redeeming as the agent of the property owner, and certainly they would have the right to redeem then. The fact that you, on behalf of your client, filed a counterclaim for specific performance of this agreement, how does that affect your impediation? First of all, I wasn't involved in any of those cases, so I didn't file anything. I've only read what the appellate court has been privy to as well. At that point in time, my understanding would be that my client was trying to regain his rights under this agreement that he'd entered into with the appellant, that immediately after he paid substantial monies to have a lien against the property released, that he would then declare the agreement null and void. That's the only thing I can answer that, because I personally was not involved in that. Well, more specifically, as I'm reading the record, in his affirmative defense and counterclaims in the eviction action, Villescaz never actually alleged that the agreement was still in effect, did he? Are you aware of that? That he never alleged it was still in effect? Yeah. I believe that's true. Yeah, he didn't allege it was still in effect. And I think all parties, their actions support that. Another party thought that that was still in effect. The appellant tried to evict him. The appellant knew the appellant wasn't going to redeem from the tax. So went out and tried to get additional funds to redeem from the tax. So part of that was conveying the property. So I think both parties' actions substantiate that. Neither party thought that that agreement was in full force. I'm looking here, it says that in a letter dated June 2nd, 2015, DPH stated that it was terminating the agreement and that Villescaz should consider it no void and of no legal effect, followed up with a second letter of June 23rd, 2015, in which it was stated that there were no existing agreements in force other than the lease. Correct. So the agreements were declared null and void by them. Correct, by the appellant. The appellant had taken the actions of declaring these null and void, yet they now want to try to use those same agreements to have the appellant pay for their taxes. And again, I think it's important to note that prior to the expiration of pure redemption, the appellant conveyed the property to a third party. At the time of pure redemption expired, they didn't even own the property. At the time that this case was going through the trial court, they didn't own the property. And just real briefly, if I can touch on it, the candlewood cases and this whole issue of who can't. And the cases have held that an owner can't acquire a certificate of purchase, a mortgagee, as well as a lender. The owner seems to me to be pretty simplistic. I mean, first of all, the owner is the party who's personally liable for the taxes on January 1 when they're assessed. So why they would not pay the taxes but buy a certificate makes no sense because there's additional cost added to it. So the owner won't know. The owner is coupled with some other owners. They're both liable for the tax liability. So to cut one owner out of the other, I mean, that seems to me to be very logical. That's pretty clear. How about a lien or a mortgage? A lien or a mortgage. You know, the cases originally dealt with an owner and a mortgagee. Then this last case is candlewood through in the lien or. And the concept here is that it's the common fund doctrine. And it's the fact that this property is being held to pay off these interests, to be used to pay off the mortgagee's interest and used to pay off the lien or's interest. And because of that, they can't circumvent that and take that entire fund away from the other parties. Now, she says your client is a lien or. That's absolutely not true. The fact that he has a lease or occupies a property doesn't create him and doesn't create a lien or on the property. How about because he paid the mechanics? Does he have a right to? I'd say he certainly would have a right to place a lien. More importantly, I think he had a right to sue them and get a judgment, be a judgment creditor. But none of that took place. He never filed a lien. There is no lien recorded as a property by my client, no. There's no lawsuit for recovery of the payments. There was no judgment. He is not a lien or. He is not a judgment creditor of the property. He is an occupant based upon that lease. And that is all he was. So because of this county fund doctrine, you can't circumvent it. That's the crux of what all these cases deal with. As an occupant, he's not entitled to any money from the sale of property. He has no interest in the funds from the sale of property. He doesn't have this claim against the property that these other parties do. You're saying he placed no liens against the property? That's correct. He caused no liens to be placed? That is correct. Okay. No one else did it. There just is no lien. I'm sorry. There is no lien for that amount. That is correct. There is no lien. If you listen carefully, what I think the appellant was arguing is that he has an interest in property because the lease hold creates a lien interest. And the second one is because he paid these amounts, he would be entitled to a lien. He may be entitled to it, but there's no lien recorded. So that simply is just not the facts of the case here. It's a miracle. I think I touched on everything I wanted to. Thank you for your time. Thank you. Ms. Bartolucci, you may approach the room bottom. Thank you. I think one thing we do have to look at pretty seriously is the fact of inconsistent statements made to this court and in other legal proceedings, which we put in the record. It's reflected in the record that Mr. Velasquez has argued completely conversely to what he's argued in this case, contradictorily, that he does have a right to enforce the agreement which conveyed him an interest in this property. I mean, that is black and white. It's in this record. Did he? Yes. Did he? He filed an action trying to enforce the agreement? Yes. You yourself mentioned it, the claim for specific performance. The counterclaim? Yes. So he's taken completely different positions. And then there's another very serious issue, I think, found in the timeline that Mr. Velasquez submitted in conjunction with his affidavit in support of his motion for summary judgment at C-251. He admits that when he purchased the certificate of purchase from Alterna, he admitted that he had no ownership or a non-ownership interest in the above-referenced property. That is flat-out untrue. He was an occupant, had a leasehold interest in the property. So he himself has... Well, in his opinion, as counsels argue very strenuously, having a leasehold interest does not give you an ownership interest. It's a non-ownership interest. He literally specifically said, I have no ownership or non-ownership interest in the property. And the reason Alterna required him to swear to that was by virtue of the... It was a derivative of the requirement when somebody buys at a scavenger sale. You do have to sign an affidavit. All right. So let's say the second argument is saying he's making some inaccurate misrepresentations. Does that mean he's excluded from getting a tax deed? I mean, I would say it's an admission. Well, no. Okay, if he falsely misrepresented that he had no ownership interest, I mean... Either he has it or he doesn't. The court should consider that. Right. And, I mean, the facts here establish he was never denied that he occupied the property and that he executed this lease. Because there was litigation about the lease and his leasehold interest. There was no dispute that he was a tenant with a lease at this property. I don't think anybody disputes that. Right. But an ownership interest or a non-ownership interest, all he has to be under the Property Tax Code is an interested party, and the scavenger sale provisions include prohibit parties without ownership. You're saying this has nothing to do with scavengers. No, it doesn't. But, as I said, the Fourth District's recent case did refer to the scavenger sale. In the absence of similar legislation regarding annual sales, it did look to the annual scavenger sale provisions. And I want to point out, you know, the only... I want to point out that it's very different, the remedy. Under one, the county gets all of its money, and under the other it does not. I understand. And I think that, you know, it's probably what prompted the legislature to criminalize that conduct because you are defrauding the county in that case. But, your Honor, there's not a legitimate difference to be drawn because there's one less party defrauded here. Not the county, but other parties are defrauded. That's not a great basis for distinguishing this case from the scavenger sale situation. Yeah, but we can never really look into why the legislature did what they did, but nonetheless, the language of those two statutes is different. Who they left out. And we have to read something into that that they intended a difference, right? Well, I think we'd like to think that the legislature works that cohesively, but I think sometimes statutes are enacted to respond to certain situations. And, in fact, the property tax code provisions that are at issue here were completely revamped in the 80s because of abuses like this. I mean, the big picture issue here is we're trying to prevent fraud. And the case law, and you may see this as a request to expand Candlewick. You know, the case law has clearly said an ownership interest. The owner can't get a tax deed. You just have to pay your taxes. You have to redeem your taxes. It's been expanded a little bit here, a little bit there, to Candlewick saying lien owners and creditors. But I think that there's no legitimate reason for distinguishing lessees or tenants here because they also have an interest in the property and they can manipulate whether the taxes get paid. So, as I tried to say at the beginning of my argument, this case has some messy facts, and there are going to be title fights. There are a lot of issues outside this case. But the overriding premises and the law is strongly in favor of preventing fraud. And, I mean, even in the case I cited, this 396 LF-3541, it says a party who had a sales contract to purchase the subject's property was held to have an equitable interest sufficient to provide a right to redeem the property of its delinquent taxes even if the seller's interest, as the heir and successor of a trustee of a revocable living trust, was questionable and the purchaser knew the seller did not hold title. I mean, there could not be a more attenuated interest than that. And the court still found that the party had the equitable right to redeem the taxes. The final question I wanted to ask you, your opponent vehemently, strenuously emphasizes that Mr. Velasquez did not cause any liens to be attached to the property. What is your position on that? Well, Your Honor, I would just ask you to look at the timing of that. He satisfied the mechanic's lien in 2015, and the redemption period expired just a few months later. 2018, three years later, no, he didn't put a lien on the property. But the time that's relevant is the date of the expiration of the redemption period. And, I mean, by that point, he certainly could have put a lien on the property. But he didn't. But he didn't. Right, he didn't. But that's, you know, we have to look at the interest at the time. He had a potential, right? I mean, as much as this party who bought it. How do I know he wasn't a good Samaritan? Because if he was a good Samaritan, he would have just redeemed the taxes and been repaid by the owner of the property. What he did was jump ahead of everybody who had a greater interest than he did and let the taxes go for sale and buy the certificate of purchase. Doesn't that make him a stranger to the property? No. No, I mean, that's the whole issue here. If we look at the interest. Wait, you just said he jumped ahead of everyone who had any interest. I mean, he increased his interest from being a leasehold interest to the owner outright by sitting, letting someone, a third party. It's legitimate if this third party pays the taxes, which it did. So then he comes in the back door and buys the certificate of purchase. I just ask you to look at what the implications of this case would be if you would not prohibit this kind of conduct. Parties with interest in the properties could manipulate, not pay the taxes and then swoop in and get pure outright title to the property going through a third party. I mean, at the end of the day, you have to ask yourself, was this person a stranger to the property? He was living there. He was working there. Well, I'm sorry, he may not have been living there. He was running his commercial business there. He is not a stranger to the property. And it is disputed. He was the manager of the property for a period of time, and he was collecting the rents for a period of time. He did not dispute that. It ended at some point, but he does not dispute that. And his lease— The order of the time is expired. Yeah, so all those adjustments, and as counsel said, his lease does specifically say that the payment of rent goes towards the payment of property taxes. And the case law says he had an obligation to protect his interest in the property, whether it be a leasehold interest or not. He had an interest in the property. Under the law, he is supposed to protect that interest by redeeming the property taxes and then getting paid back by the owner. He had a cause of action, and he could have a cause of action against the owner to get repaid for what he paid. That's the path he was supposed to follow. Thank you. Thank you, Ms. Barbellucci. The Court appreciates the arguments of both sides in this case. The matter will, of course, be taken under advisement, and a written decision on this matter will issue in due course.